**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-08220 |
| | ) | |
| v. | ) | Honorable Rebecca R. Pallmeyer |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| KEVIN HALLORAN, PARTHA GHOSH, | ) | |
| LIPING ZHANG, CYNTHIA HARRIS, | ) | |
| AND MARCUS HARDY, | ) | |
| | ) | Jury Trial Demanded |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF INITIAL DISCLOSURES
AND RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS BY
DEFENDANTS WEXFORD HEALTH SOURCES, KEVIN HALLORAN, PARTHA
GHOSH, AND LIPING ZHANG**

Plaintiff Raymond Young, by and through his attorneys, and pursuant to Federal Rules of

Civil Procedure 26, 33, 34, and 37, and Local Rule 37.2, respectfully requests that this Court

enter an order compelling the production of initial disclosures and complete responses to

Plaintiff's first set of discovery requests by Defendants Wexford Health Sources, Kevin

Halloran, Partha Ghosh, and Liping Zhang (the "Wexford Defendants"). In support of this

motion, Plaintiff states as follows:

1.      This case is about the failure to provide constitutionally-required medical care to

Plaintiff, who is incarcerated at Stateville Correctional Center, leaving him to languish without

proper diagnosis or treatment of his serious medical condition. As Wexford Health Sources, Inc.

is the health care provider contracted by the Illinois Department of Corrections to provide

medical services to inmates at its facilities, and as Kevin Halloran, Partha Ghosh, and Liping

Zhang were employed by Wexford Health Sources during the relevant time period, many of the

documents and pieces of information vital to this case (e.g., medical records, policies and procedures, employment files, etc.) are in the possession or control of the Wexford Defendants.

2.      On May 30, 2012, the parties appeared before the Court for a status hearing. The Court set certain discovery deadlines in the case, particularly: that the parties were to make Rule 26(a)(1) initial disclosures within 14 days, and serve written discovery requests within 14 days thereafter (See Exhibit 1).

3.      Plaintiff complied with the Court's discovery deadlines. Plaintiff made his Rule 26(a)(1) initial disclosures via email and certified mail on June 13, 2012 (See Exhibit 2), and served interrogatories and requests for production of documents on Defendants via certified mail on June 27, 2012 (See Exhibit 3). Under Federal Rules of Civil Procedure 33 and 34, Defendants had 30 days within which to serve their responses.

4.      Defendants Cynthia Harris and Marcus Hardy have made their Rule 26(a)(1) initial disclosures, and have responded to Plaintiff's first set of discovery requests.

5.      The Wexford Defendants have not made Rule 26(a)(1) disclosures, or responded to Plaintiff's first set of discovery requests.

6.      On September 18, 2012 the parties again appeared before the Court for a status hearing. In the course of this hearing, Plaintiff informed the Court that discovery responses from Wexford Defendants had not yet been received, hampering the ability to move forward with discovery. The Court raised the possibility of a motion to compel in the event of further difficulty in receiving discovery from the Wexford Defendants.

7.      On October 2, 2012, Ari Cohn, Plaintiff's counsel, sought to obtain the delinquent discovery by sending via email a letter to John Beribak, counsel to the Wexford Defendants,

inquiring as to the status of the missing discovery, and expressing the importance and urgency of Plaintiff's need for the discovery (See Exhibit 4).

8.     On October 4, 2012, Ari Cohn again sought to obtain the discovery responses in a telephone call with John Beribak, and again informed opposing counsel of Plaintiff's urgent need for the discovery in light of its serious delinquency.   Opposing counsel acknowledged the delinquency of the discovery responses, and made representations that he would address the matter shortly.

9.     As of October 24, 2012, the Wexford Defendants have failed to provide Rule 26(a)(1) initial disclosures and responses to Plaintiff's first set of discovery requests.

10.     The parties have conferred and arranged for depositions to take place the week of November 11, 2012.  Furthermore, the current fact discovery deadline set by the Court in this case is November 16, 2012.

11.     Plaintiff has attempted to accommodate opposing counsel's busy schedule and has exhibited patience as a professional courtesy.  However, with depositions and the discovery deadline approaching, Plaintiff's counsel urgently requires the Wexford Defendants' discovery responses in order to properly prepare for depositions and engage in any follow-up discovery required.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order compelling Defendants Wexford Health Sources, Inc., Kevin Halloran, Partha Ghosh, and Liping Zhang to provide Rule 26(a)(1) disclosures and complete responses to Plaintiff's first set of discovery requests within 5 days, and such other relief as this Court deems equitable.

Dated: October 24, 2012

Respectfully Submitted,

RAYMOND YOUNG


By:  /s/ Ari Z. Cohn

Marc R. Kadish
Ari Z. Cohn
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois  60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711
mkadish@mayerbrown.com
acohn@mayerbrown.com

*Attorneys for Raymond Young*

## Exhibit 1

Case: 1:10-cv-08220 Document #: 87 Filed: 05/30/12 Page 1 of 1 PageID #:455

Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 8220 | **DATE** | 5/30/2012 |
| **CASE TITLE** | Ray-mond Young vs. Wexford Health Sources Inc., et al | | |

**DOCKET ENTRY TEXT**

Status hearing held on 5/30/2012. Defendant has leave to take the deposition of an incarcerated person (Plaintiff). Rule 26(a)(1) disclosures to be made within 14 days. Written discovery requests to be served 14 days thereafter. Discovery to close 9/14/2012. Status hearing set for 7/31/2012 at 9:00 AM.

Notices mailed by Judicial staff.

00:08

| | Courtroom Deputy Initials: | ETV |
|---|---|---|

10C8220 Ray-mond Young vs. Wexford Health Sources Inc., et al

Page 1 of 1

**<u>Exhibit 2</u>**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

RAYMOND YOUNG,        )
                                    )
     Plaintiff,          )
                                    )   Case No. 10-cv-08220
         v.            )   Honorable Rebecca R. Pallmeyer
                                    )
WEXFORD HEALTH SOURCES, INC.,  )
KEVIN HALLORAN, PARTHA GHOSH, )
LIPING ZHANG, CYNTHIA HARRIS,  )
AND MARCUS HARDY,          )
                                  )   Jury Trial Demanded
     Defendants.        )

## PLAINTIFF RAYMOND YOUNG'S
## RULE 26(a)(1) INITIAL DISCOVERY DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Raymond Young

("Young") makes the following initial disclosures:

### A.

Based on the current results of Young's ongoing investigation, the individuals listed below

are believed likely to have discoverable information that Young may use in support of his claims

and/or defenses.

1.     Nedrick Hardy – Inmate, Stateville Correctional Center.  Mr. Hardy can be

contacted through the Illinois Department of Corrections at Nedrick Hardy IDOC # B50437, P.O.

Box 112, Joliet, IL 60434 and at (815) 727-3607.  Young believes that Mr. Hardy may have

discoverable information regarding Young's physical condition during the relevant time period

and his complaints of illness and pain.

2.     Jecorrey Duncan – Inmate, Stateville Correctional Center.  Mr. Duncan can be

contacted through the Illinois Department of Corrections at Jecorrey Duncan IDOC # K50255,

P.O. Box 112, Joliet, IL 60434 and at (815) 727-3607.  Young believes that Mr. Duncan may have

discoverable information regarding Young's physical condition during the relevant time period and his complaints of illness and pain.

3. Sergeant Barnett – Correctional Officer, Stateville Correctional Center. According to the Illinois Department of Corrections website, Sgt. Barnett can be contacted at 16830 So. Broadway St., P.O. Box 112, Joliet, IL 60434.[1] Young believes that Sgt. Barnett may have discoverable information regarding Young's physical condition during the relevant time period and his complaints of illness and pain.

4. Doctor Evaristo Aguinaldo – Physician, Stateville Correctional Center. To the best of Young's knowledge, Dr. Aguinaldo can be contacted at 16300 S. Route 53, Cresthill, IL 60435. Young believes that Dr. Aguinaldo may have discoverable information regarding Young's physical condition during the relevant time period, complaints of illness and pain and knowledge of Young's laboratory test results.

5. Doctor Williams – Physician (Outpatient), Stateville Correctional Center. To the best of Young's knowledge, Dr. Williams can be contacted at 16300 S. Route 53, Cresthill, IL 60435. Young believes that Dr. Williams may have discoverable information regarding Young's physical condition during the relevant time period and his complaints of illness and pain.

6. Doctor Parthasarathari Ghosh – Former Physician, Stateville Correctional Center. Dr. Ghosh's current contact information is unknown. Young believes that Dr. Ghosh may have discoverable information regarding Young's physical condition during the relevant time period and his complaints of illness and pain.

7. Doctor Liping Zhang – Former Physician, Stateville Correctional Center. Dr. Zhang's current contact information is unknown. Young believes that Dr. Zhang may have discoverable information regarding Young's physical condition during the relevant time period

---

[1] Available at: http://www2.illinois.gov/idoc/facilities/Pages/statevillecorrectionalcenter.aspx.

2

and his complaints of illness and pain.

8.      Doctor Carter – Physician, Stateville Correctional Center.  To the best of Young's knowledge, Dr. Carter can be contacted at 16300 S. Route 53, Cresthill, IL 60435.  Young believes that Dr. Carter may have discoverable information regarding Young's physical condition during the relevant time period and Young's complaints of illness and pain.

9.      Cynthia Harris – Counselor, Stateville Correctional Center.  Young believes that Ms. Harris may have discoverable information regarding Young's physical condition during the relevant time period and his complaints of illness and pain, as well as his attempts to obtain diagnosis and treatment through administrative channels.

10.     Mark W. Hale – President & Chief Executive Officer, Wexford Health Sources, Inc.  Mr. Hale can be contacted at 425 Holiday Drive, Foster Plaza Two, Pittsburgh, PA 15220 and (888) 633-6468.  Young believes that Mr. Hale may have discoverable information regarding Wexford's policies for the provision of medical services to prison inmates.

11.     Kevin Halloran – Chairman, Wexford Health Sources, Inc.  Mr. Halloran can be contacted at 425 Holiday Drive, Foster Plaza Two, Pittsburgh, PA 15220 and (888) 633-6468. Young believes that Mr. Halloran may have discoverable information regarding Young's attempt to obtain diagnosis and treatment, as well as Wexford's policies for the provision of medical services to prison inmates.

12.     Marcus Hardy – Warden, Stateville Correctional Center.  Mr. Hardy can be contacted at 16830 So. Broadway St., P.O. Box 112, Joliet, IL 60434.  Young believes that Mr. Hardy may have discoverable information regarding the provision of medical services to inmates at Stateville Correctional Center.  Further, Young believes that Mr. Hardy may have discoverable information regarding Young's physical condition during the relevant time period and the status of Young's grievances.

3

13.    Sergeant M. Grant, # 4293 – Correctional Officer, Stateville Correctional Center. According to the Illinois Department of Corrections website, Sgt. Grant can be contacted at 16830 So. Broadway St., P.O. Box 112, Joliet, IL 60434.  Young believes that Sgt. Grant may have discoverable information regarding Young's physical condition during the relevant time period and his complaints of illness and pain.

Young further states, upon information and belief, that there are likely other inmates and employees of the Stateville Correctional Center who have discoverable information that Young may use in support of his claims and/or defenses.  Finally, Young states, upon information and belief, that there are likely employees, former employees, or agents of the Defendant(s) and the Illinois Department of Corrections who have discoverable information that Young may use in support of his claims and/or defenses.  As discovery in this matter has not yet commenced, Young is unable to determine or disclose these person's identities and/or the substance of the information they may possess.  Upon identification of relevant individuals, additional disclosures will be promptly made.

**B.**

A list of categories of documents in the possession, custody, or control of Young that may be used in support of Young's claims or defenses is included below:

1.    Some, but not all, of Young's medical records related to visits to health services at Stateville Correctional Center between the years 2007 and 2011.

2.    Some, but not all, of Young's Illinois Department of Corrections grievance records.

Young states, upon information and belief, that there are likely discoverable documents within the possession, custody, or control of Defendant(s) that Young may use in support of its claims and/or defenses including, without limitation, grievance records and medical records.  As

4

discovery in this matter has not yet commenced, Young is unable to either determine or disclose the nature or location of any such documents. After the entry of any potential Protective Orders governing confidentiality, copies of all documents, data compilations, and tangible things, to the extent they exist and are in the possession, custody, or control of Young, that Young may use to support his claims or defenses, unless solely for impeachment, will be made available for inspection and copying at the offices of Mayer Brown LLP, 71 S. Wacker Drive, Chicago, IL 60606. By disclosing the existence of such documents, Young does not waive any applicable privileges or other objections to the use or production of such documents.

**C.**

Young has performed a preliminary calculation of the damages incurred. As discovery proceeds, Young intends to submit the relevant documents (including, without limitation, medical records and grievance records) and his own testimony to an outside expert witness, on whose testimony, analysis, and computation Young intends to rely.

A preliminary computation of Young's compensatory damages resulting from future medical care stemming from Defendant's past refusal to provide adequate medical care equals **$500,000**. A preliminary computation of Young's punitive damages resulting from long term pain and suffering equals **$500,000**. Young has arrived at these figures by reviewing the aforementioned medical records, grievance reports and by attempting to quantify Young's own pain and suffering. Young reserves the right to supplement these preliminary calculations as more information is provided through the discovery process.

**D.**

Young reserves the right to supplement this disclosure as necessary under the Federal Rules of Civil Procedure as additional and new information comes to his attention as a result of his ongoing investigation and discovery in this litigation.

**Jury Trial Demanded**

Dated: June 13, 2012

                               Respectfully Submitted,

                               RAYMOND YOUNG

                               By: /s/Marc R. Kadish _____

                               Marc R. Kadish
                               Ari Z. Cohn
                               MAYER BROWN LLP
                               71 South Wacker Drive
                               Chicago, Illinois 60606
                               Telephone: (312) 782-0600
                               Facsimile: (312) 701-7711
                               *Attorneys for Raymond Young*

## **CERTIFICATE OF SERVICE**

     I, Ari Cohn, an attorney, hereby certify that I caused a true and correct copy of the foregoing Plaintiff Raymond Young's Rule 26(a)(1) Initial Discovery Disclosures to be served upon the below-identified counsel by depositing the same in a United States post office box at 71 South Wacker Drive, Chicago, Illinois, enclosed in an envelope with first class postage fully prepaid thereon before 5:00 PM on this 13th day of June, 2012:

Saira Janine Alikhan
Office of the Illinois Attorney General
100 West Randolph
13th Floor
Chicago, IL 60601
(312) 814-6131
salikhan@atg.state.il.us
*Attorney for Defendants Cynthia Harris*
*and Marcus Hardy*

John J. Beribak
Charysh & Schroeder Ltd.
33 N. Dearborn St.
Suite 1300
Chicago, IL 60602
(312) 372-8338
jeribak@cslaw-chicago.com
*Attorney for Defendants Partha Ghosh,*
*Wexford Health Sources, Inc.,*
*Kevin Halloran, and Liping Zhang*

Illinois Department of Corrections
100 West Randolph, Suite 4-200
Chicago, IL 60601

*Ari Cohn*

**Exhibit 3**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-08220 |
| | ) | |
| v. | ) | Honorable Rebecca R. Pallmeyer |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| KEVIN HALLORAN, PARTHA GHOSH, | ) | |
| LIPING ZHANG, CYNTHIA HARRIS, | ) | |
| AND MARCUS HARDY, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Raymond Young ("Plaintiff") requests that Defendants Parthasarathi Ghosh, Liping Zhang, and Wexford Health Sources, Inc. ("Defendants") provide the information called for in the following interrogatories within thirty (30) days to the offices of Mayer Brown, LLP, 71 South Wacker Drive, Chicago, Illinois. The interrogatories are to be responded to in accordance with the following Instructions and Definitions.

## INSTRUCTIONS

1. Each of these interrogatories shall be construed independently and shall not be limited by an other interrogatory.

2. Pursuant to Rule 33(b)(3) of the Federal Rules of Civil Procedure, the answering party shall set forth in full each interrogatory being answered immediately preceding the answer. When an interrogatory contains separately numbered or lettered paragraphs, each separately numbered or lettered paragraph should be treated individually and a separate response is furnished.

3. If, in answering these interrogatories, you claim that any interrogatory, or a definition or instruction applicable thereto, is ambiguous, do not use such a claim as a basis for refusing to respond, but rather set forth as part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual interrogatory.

4. If, in answering these interrogatories, you object to any part of an interrogatory, each part of said interrogatory shall be treated separately. If an objection is made to one subpart, the remaining subpart(s) shall be answered. If an objection is made on the basis that the interrogatory or subpart thereof calls for information which is beyond the scope of discovery, the interrogatory or subpart thereof shall be answered to the extent that it is not objectionable.

5. If any interrogatory is not answered due to a claim of privilege, provide sufficient information, including the nature of the claim of privilege, all facts relied upon in support of the claim of privilege or related thereto, the general subject matter of the information being withheld, all documents related to the claim of privilege, all persons having knowledge of any facts related to the claim of privilege, and all events, transactions, or occurrences related to the claim of privilege.

6. If the responding party elects to specify and produce documents in answer to any interrogatory, the production shall be in compliance with the requirements of Rule 33(d) of the Federal Rules of Civil Procedure and the Instructions and Definitions set forth in Plaintiff's First Request for the Production of Documents.

7. When an interrogatory calls for the production of a document as to which you claim a privilege as a ground for non production, set forth each document, its subject matter (without revealing specific information for which the privilege is claimed), the circumstances of its creation, the persons who had access to the document, and each fact or basis on which you

claim a privilege with enough specificity to permit a court to make a full determination on that record as to whether the claim of privilege is valid.

8.     If any document referred to, or relied upon, in any answer to any interrogatory, was, but is no longer in your possession, custody, or control, or in existence, state whether it is missing or lost; has been destroyed; has been transferred, voluntarily or involuntarily, to others; and/or otherwise disposed of.

9.     This set of interrogatories shall be deemed continuing in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.   If, after providing responses to these interrogatories, you (as that term is defined herein) discover, obtain, or become aware of any further information or documents responsive to this set of interrogatories, you are required to produce such additional information and/or documents.

## DEFINITIONS

Notwithstanding any definition stated below, each word, term, or phrase used in these interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1.     The term "identify," when referring to a person (as that term is defined herein) means to give the person's full name, present or last known home and business address and telephone numbers and, when referring to a natural person, the present or last known place of employment, employer, current position, and position held during the relevant time period.

2.     The term "identify," when referring to a document (as that term is defined herein) means to provide the type of document (*e.g.*, letter, journal, record, memorandum, notes); the date, title and identifying number of the document, if any; the general subject matter of the document; the present location of the document; and each person who prepared the document,

each person for whom it was prepared, and the address of every person who presently has custody of the original or copies thereof.

3.      The terms "describe" and "state" mean to set forth fully and unambiguously, if necessary using technical terms of art, every fact relevant to the answer called for by the interrogatory of which plaintiff (as that term is defined herein) has knowledge.

4.      The term "and" as well as "or" shall be read in the disjunctive, conjunctive, or both, as the case may be, consistent with an interpretation that results in the more extensive document production and/or answer to the interrogatory.

5.      The term "person" includes the plural and singular and includes, without limitation, any natural person, alive or deceased, any corporation, organization, partnership, joint venture, sole proprietorship, other business entity or association, foundation, trust and any government or governmental body, commission, department, committee, board, or agency, and any and all officers, directors, members, principals, shareholders, employees, agents and other representatives thereof.

6.      "Plaintiff" or "Young" refers to the plaintiff in this action: Raymond Young.

7.      The terms "Defendants," "you" and "your" means Partha Ghosh, Liping Zhang, and Wexford Health Sources, Inc., its agents, representatives, attorneys, successors, predecessors, assigns, all persons acting on its behalf, and any and all persons associated or affiliated with or controlled by Defendants.

8.      "IDOC" refers to the Illinois Department of Corrections.

9.      "Stateville" refers to Stateville Correctional Center in Crest Hill, Illinois.

10.     The term "Amended Complaint" means the compiled filed by Plaintiff on May 4, 2012.

**INTERROGATORIES**

1.     Identify all persons who have knowledge relating to the allegations in the Amended Complaint, including but not limited to (a) anyone likely to have discoverable information that Defendants may use to support their claims or defenses in this matter, or (b) anyone who may have information contrary to Defendants' claims or defenses in this matter.  For each person identified in response to this interrogatory, provide a brief description of the facts of which that person has knowledge.

**ANSWER:**


2.     Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure identify all witnesses who will offer any testimony including, but not limited to, testimony related to motions, affidavits, hearing testimony, and trial testimony, and provide all other information required under Rule 26(a)(2) for each witness, including the subject(s) about which the witness will testify.

**ANSWER:**


3.     Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, identify all independent and controlled expert witnesses and provide all other information required under 26(a)(2) for each witness including, but not limited to, the subject(s) about which the witness will testify, the conclusions and opinions of the witness and the bases therefore, the qualifications of the witness, and any reports prepared by the witness about this case.

**ANSWER:**

4.      Describe, in detail, all facts that relate to (whether to support, negate, undermine or otherwise relate to) the procedure by which an inmate must request medical treatment from Defendant Wexford Health Sources, Inc. while incarcerated at Stateville prison, and identify any documents that concern, refer, or relate to this issue.  To the extent this procedure has changed since 1992, please describe those changes and identify any documents that concern, refer, or relate to those changes.

**ANSWER:**

a)  Describe, in detail, how this procedure is/these procedures were communicated to inmates at Stateville prison.

**ANSWER:**

5.      State whether you are currently able to provide medical services and treatment, including providing a referral to a specialist, such as a gastroenterologist, to Plaintiff.  If you state that you are not currently able to provide medical service and treatment, please state the reasons why you are not able to do so.

**ANSWER:**

6.      Identify the person(s) and/or entity(ies) who are currently authorized to provide medical services and treatment to Plaintiff, an inmate at Stateville.

**ANSWER:**

6

7.      Identify the person(s) and/or entity(ies) who have been authorized to provide medical services and treatment to Plaintiff, an inmate at Stateville, since his arrival at Stateville in May 1992.

**ANSWER:**


8.      Identify any rules, regulations, policies, procedures and/or practices, whether formal or informal, of Wexford Health Sources, Inc. and/or the IDOC that have resulted in the denial of medical services to inmates at Stateville, and provide all documents constituting, relating or referring to such policies, procedures and/or practices.  For each such rule, regulation, policy, procedure and/or practice state whether application of that policy, procedure or practice resulted in denial of medical services to the Plaintiff.

**ANSWER:**


9.      Describe, in detail, any lawsuits in which you have been accused of deliberate indifference to an inmates medical needs from 1992 to the present.

**ANSWER:**


10.      Identify the policymaking official(s) of Wexford Health Sources, Inc..

**ANSWER:**


11.      Describe any training programs used by Defendant Wexford Health Sources, Inc. to train its employees or IDOC employees to properly handle the medical needs of inmates at Stateville.  For each training program identified, provide all documents relating to such program,

and state whether each individual Defendant (Zhang and Ghosh) participated in that program and, if so, when.

**ANSWER:**


12. For Defendant Zhang, please describe, in detail, why she is no longer employed by Wexford Health Sources, Inc..

**ANSWER:**


13. For Defendant Ghosh, please describe, in detail, why he is no longer employed by Wexford Health Sources, Inc..

**ANSWER:**


14. State the basis of your denials in paragraphs 7, 11, 14, 15, 16, 18, 19, 21, 25, 26, 28, 29, 30, and 31 of your answer to Plaintiff's Amended Complaint.

**ANSWER:**


15. State the basis for your contention in your First Affirmative Defense that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

**ANSWER:**


16. State the basis for your contention in your Second Affirmative Defense to the Amended Complaint that Plaintiff failed to exhaust his administrative remedies prior to the filing of this litigation.

**ANSWER:**

Dated: June 27, 2012                    Respectfully Submitted,

                                                    Raymond Young

                                                    By:  /s/ Marc R. Kadish_____
                                                    Marc R. Kadish
                                                    Ari Z. Cohn
                                                    MAYER BROWN LLP
                                                    71 South Wacker Drive
                                                    Chicago, Illinois  60606
                                                    Telephone:  (312) 782-0600
                                                    Facsimile:  (312) 701-7711

                                                    *Attorneys for Plaintiff Raymond Young*

9

## CERTIFICATE OF SERVICE

I, Ari Z. Cohn, an attorney, hereby certify that I caused a true and correct copy of the foregoing Plaintiff Raymond Young's First Set of Interrogatories to be served upon the below-identified counsel by depositing the same in a United States post office box at 71 South Wacker Drive, Chicago, Illinois, enclosed in an envelope with first class postage fully prepaid thereon on this 27th day of June, 2012:

John J. Beribak
Charysh & Schroeder Ltd.
33 N. Dearborn St.
Suite 1300
Chicago, IL 60602
(312) 372-8338
jeribak@cslaw-chicago.com
Attorney for Defendants Partha Ghosh,
Wexford Health Sources, Inc.,
Kevin Halloran, and Liping Zhang

_____
One of Plaintiff Raymond Young's Attorneys

10

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAYMOND YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-cv-08220 |
| | ) | |
| v. | ) | Honorable Rebecca R. Pallmeyer |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| KEVIN HALLORAN, PARTHA GHOSH, | ) | |
| LIPING ZHANG, CYNTHIA HARRIS, | ) | |
| AND MARCUS HARDY, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Raymond Young ("Plaintiff"), by and through his attorneys, hereby requests that Defendants Parthasarathi Ghosh, Liping Zhang, and Wexford Health Sources, Inc. ("Defendants") respond to the following requests for production within thirty (30) days from the date of service hereof. The requests are to be responded to in accordance with the following Instructions and Definitions.

**INSTRUCTIONS**

1.      These Requests extend to all documents in your possession, custody or control.

2.      In producing Documents and other materials, you are to furnish all Documents or things in your possession, custody or control, regardless of whether such Documents are possessed directly by you or your employees, agents, parent company(ies), subsidiaries, affiliates, investigators or by your attorneys or their employees, agents or investigators.

3.      The documents produced in response to these Requests shall be organized either to correspond to the categories in these Requests, or as they are kept in the ordinary course of business. In either case, all documents produced shall:

    a.  be produced with all associated file labels, file headings, and file folders together with the responsive documents from each file, and each file shall be identified as to its owner or custodian; for any document originally stored in electronic media, the file name, path and directory information for each such document shall also be provided;

    b.  Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each Document(s) custodian(s);

    c.  if produced in hard copy, all pages now stapled or fastened together shall be produced stapled or fastened together, and shall include all attachments currently or previously appended to each document, regardless of whether such attachments themselves would be independently responsive to these requests; if any portion of any Document is responsive to any portion of the Document requests below, then the entire Document must be produced;

    d.  all documents that cannot be legibly copied shall be produced in original form; and

    e.  each page of each document produced shall bear a unique number that includes a symbol or abbreviation that identifies the producing party.

4.    All responsive and/or relevant electronically stored Documents are to be preserved in native format with all corresponding objective metadata and embedded data. Adequate preservation of electronically stored information requires intervention to prevent loss due to routine operations. Continued use of Your computers and other devices may cause electronically stored information to be altered or erased. Consequently, alteration and erasure may result from Your failure to act diligently to prevent loss or corruption of electronically stored information. Therefore, to the extent You have not already done so, You must act affirmatively to properly segregate relevant electronically stored information, as well as applicable hardware and software, to prevent loss or corruption.

5.    Documents produced in electronic format should be produced according to the following technical specifications:

a.  Electronic documents should be produced in such fashion as to identify the location (i.e., the network file folder, hard drive, back-up tape or other location) where the documents are stored and, where applicable, the natural person in whose possession they were found (or on whose hardware device they reside or are stored).  If the storage location was a file share or work group folder, that should be specified as well.

b.  Attachments, enclosures, and/or exhibits to any parent documents should also be produced and proximately linked to the respective parent documents containing the attachments, enclosures, and/or exhibits.

c.  For standard documents, emails, and presentations originating in electronic form, documents should be produced as tiff images using the same specifications above with the following exceptions:

d.  Provide a delimited text file (using the delimiters detailed above) containing the following extracted metadata fields: Beginning Production Number; Ending Production Number; Beginning Attachment Range; Ending Attachment Range; Custodian; Original Location Path; Email Folder Path; Document Type; Author;File Name; File Size; MD5 Hash; Date Last Modified; Date Created; Date Last Accessed; Date Sent; Date Received; Recipients Copyees; Blind Copyees; Email Subject; and Path to Native File.

e.  Extracted full text (not OCR text) should also be delivered for each electronic document. The extracted full text should be delivered on a document level according to the specifications above similar to paper documents.

f.  Foreign language text files and metadata should be delivered with the correct encoding to enable the preservation of the documents' original language.

g.  All spreadsheets should be produced in their native format and in the order that they were stored in the ordinary course of business, i.e. emails that attach spreadsheets should not be separated from each other and should be linked using the Attachment Range fields above.  The original file name should be prepended with the document bates number.  The extractable metadata and text should be produced in the same manner as other documents that originated in electronic form.  The parties agree to work out a future protocol governing the use and format of documents produced pursuant to this paragraph at trial, depositions or hearings (such as converting to tiff images in accordance with the above protocol).

h.  Notwithstanding the language of Federal Rule of Civil Procedure 34, upon review the requesting party may ask for certain other documents and\or databases that were initially produced in their petrified (tiff or pdf) format to be produced in their native format in the event that the petrified version is not reasonably usable. If this is the case, the requesting party will submit a list of bates numbers identifying the documents.  The documents should be produced in their unaltered

native format with an accompanying text delimited text file (using the delimiters above) that contains the following fields: Beginning Production; Number Ending; Production Number; Beginning Attachment; Range Ending; Attachment Range; Path to Native File; and MD5 Hash Value.

6.     If, in answering these Requests, you claim that any Request, or a definition or instruction applicable thereto, is ambiguous, do not use such a claim as a basis for refusing to respond, but rather set forth as part of the response the language you claim is ambiguous and the interpretation you have used to respond to the individual Request.

7.     If, in answering these Requests, you object to any part of a Request, each part of said Request shall be treated separately.  If an objection is made to one subpart, the remaining subpart(s) shall be answered.  If an objection is made on the basis that the Request or subpart thereof calls for information which is beyond the scope of discovery, the Request or subpart thereof shall be answered to the extent that it is not objectionable.

8.     In the event that more than one copy of a document exists, produce every copy on which there appears any notation or marking of any sort not appearing on any other copy (including routing or filing instructions) or any copy containing different attachments from any other copy.

9.     If you refuse to disclose any document requested herein (or any portion thereof) on the grounds of privilege, identify in a privilege log each such document or portion thereof as to which the objection is made, and with respect to each document so identified, state:

   a.  the date of the document;

   b.  the author(s) and addressee(s);

   c.  the person(s) to whom a copy was furnished;

   d.  the subject matter of the document;

   e.  the medium (*e.g.*, electronic or paper), type (*e.g.*, memorandum, letter, report, etc.) and the length of the document;

4

    f.  the existence and identity of any attachments to the document;

    g.  the document request herein to which the document responds; and

    h.  the exact basis, legal or otherwise, upon which it (or any portion thereof) is being withheld.

If an attachment to a document is also being withheld on the grounds of privilege, in addition to being identified as required by subpart (f), above, such attachment shall be identified in the privilege log as a separate attachment.

    10.    If you have knowledge of documents, objects, or other tangible things responsive to a request, you must disclose that information to the requesting party whether or not the actual documents, objects, or other tangible things are in your possession, custody or control.

    11.    If any document referred to, or relied upon, in any answer to any Request, was, but is no longer in your possession, custody, or control, or in existence, state whether it (1) is missing or lost; (2) has been destroyed; (3) has been transferred, voluntarily or involuntarily, to others; and/or (4) otherwise disposed of, and, in each instance state:

    a.  the type of document;

    b.  the date and author of the document;

    c.  a brief summary of the content of the document;

    d.  the date or approximate date that it was lost, destroyed, transferred, and/or otherwise disposed of;

    e.  the reasons for discarding, destroying, transferring and/or otherwise disposing of the document;

    f.  the circumstances and manner in which the document was lost, destroyed, transferred, and/or otherwise disposed of;

    g.  the identity of all persons authorizing or having knowledge of the circumstances surrounding the disposal of the document; and

    h.  the identity of all persons having knowledge of the contents thereof.

12.     Unless otherwise specified, the time period for these Requests is June 1, 2004 to the present.

13.     Each of these Requests shall be construed independently and shall not be limited by any other Request, except that documents responsive to more than one request need be produced only once.

14.     To the full extent permitted by Rule 26(e) of the Federal Rules, this Request for Production of Documents is of a continuing nature; you are requested, therefore, to supplement your response and production to the full extent required by that Rule.

## DEFINITIONS

The definitions and rules of construction as set forth in the Federal Rules shall apply to this Request for Production of Documents and are incorporated as if fully restated herein.

1.     "Plaintiff" or "Young" refers to the plaintiff in this action: Raymond Young

2.     "Defendant," "Defendants," "you" and "your" shall refer to defendants Parthasarathi Ghosh, Liping Zhang, and Wexford Health Sources, Inc., collectively and individually, as well as any other entity(ies) (including all past and present employees, attorneys, representatives, agents and any other persons) acting or purporting to act under your direction or on your behalf.

3.     "IDOC" refers to the Illinois Department of Corrections.

4.     "Stateville" refers to Stateville Correctional Center in Crest Hill, Illinois.

5.     "Document(s)" is defined broadly to be given the full scope of that term as contemplated in Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, writings of any kind such as correspondence, handwritten notes, emails, voice recordings, tangible things, objects, and the like.  Responsive Documents shall include all originals (or, if originals are not available, identical copies thereof) and all non-identical copies of a document, all drafts of final

documents, all other written, printed, or recorded matter of any kind, and any recording or writing, as these terms are defined in Rule 1001 of the Federal Rules of Evidence.

6.      The term "and" as well as "or" shall be read in the disjunctive, conjunctive, or both, as the case may be, consistent with an interpretation that results in the more extensive document production.

7.      The term "relating to" means containing, constituting, discussing, describing, identifying, referring to, supporting, explaining, contradicting, and/or in any pertaining to the subject specified.

8.      The term "communication(s)" means every manner or means of disclosure, transfer or exchange, including but not limited to, oral conversations, telephone calls, written correspondence, memoranda or notes, electronic mail, facsimile transmissions, meetings, video conferences or document transmittals.

9.      The term "Amended Complaint" means the Amended Complaint filed in this action on May 4, 2012.

## REQUESTS FOR PRODUCTION

You are hereby requested to produce:

1.      All documents relating to the subject matter of this lawsuit.

2.      All documents sent to, received from, referring or relating to the Plaintiff.

3.      All documents you have received from any third parties regarding an alleged failure to provide adequate medical treatment to the Plaintiff.

4.      All documents constituting, referring or relating to Plaintiff's medical records.

5.      All documents constituting, referring or relating to communications regarding the Plaintiff's medical treatment.

7

6. All documents, including internal or external communication, concerning, assessing or addressing the quality of medical care, treatment or services provided to inmates.

7. All internal or external audits concerning the quality of your medical care, treatment or services provided to inmates.

8. All internal or external complaints related to your medical care, treatment or services provided to inmates.

9. All documents constituting, referring or relating to Plaintiff's disciplinary files from 1992 to the present.

10. All documents constituting, referring or relating to the disciplinary files of any Wexford Health Sources, Inc. employees who have treated Plaintiff from 2006 to the present.

11. Any documents sufficient to show the persons and/entities who are currently authorized to provide medical services to Plaintiff.

12. All documents constituting, referring or relating to any formal or informal policy(ies) and/or procedure(s) regarding requests for medical services by or for inmates at Stateville, including but not limited to any policies and/or procedures by which inmates may request medical services.

13. All documents constituting, referring or relating to any formal or informal policy(ies) and/or procedure(s) regarding the provision of medical services to inmates at Stateville.

14. All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 11 of the Amended Complaint ("Mr. Young suffers from a chronic condition, believed to be pancreatitis, which causes him severe and debilitating pain. The medical staff at Stateville has established a long pattern of ignoring Mr. Young's serious

medical condition, withholding information about his condition, and refusing to permit him to receive accurate diagnoses and treatment, even after receiving test results confirming the existence of some health issue.").

15. All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 14 of the Amended Complaint ("Despite his efforts, Mr. Young was largely ignored and treated as a nuisance.").

16. All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 15 of the Amended Complaint ("Mr. Young continued to seek medical assistance during those intervening months, but was routinely ignored by the medical staff, who refused to see or treat him.").

17. All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 16 of the Amended Complaint ("The medical staff continuously failed to adequately diagnose Mr. Young's underlying medical conditions, and as a result, left it virtually untreated.").

18. All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 18 of the Amended Complaint ("These unusual and troublesome readings went ignored by prison medical staff, who allowed Mr. Young's condition to continue and worsen without attempting to discern what the condition was.").

19. All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 19 of the Amended Complaint ("Despite having clear evidence of a potentially dangerous condition, neither Dr. Zhang nor Dr. Ghosh sought to establish a definitive diagnosis and treatment plan.").

9

20.     All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 25 of the Amended Complaint ("Defendants have continually refused to allow him to see a specialist, even after initially recognizing that it would be prudent to do so, and have continued to deny him adequate medical care.").

21.     All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 26 of the Amended Complaint ("Mr. Young has also sent numerous letters to Wexford Health Sources informing it of his inadequate medical care.  On information and belief, Wexford Health Sources has a policy of ignoring inmates with serious medical issues and a policy of refusing to refer inmates to specialists in the interest of cost savings.").

22.     All documents referring or relating to (whether to support, negate, undermine or otherwise) your denial of paragraph 30 of the Amended Complaint ("Mr. Young has suffered severe physical and mental pain as a result of Defendants' failure to provide him with competent medical treatment.  Due to his chronic and severe pain, Mr. Young has had difficulty eating, sleeping, and functioning in general.  On more than one occasion Mr. Young has hoped for death as an alternative to his constant pain and suffering.  Mr. Young has also been exposed to risk of infection or other complications as a result of his underlying medical condition remaining undiagnosed and untreated for years.").

23.     All documents referring or relating (whether to support, negate, undermine or otherwise) to your Second Affirmative Defense ("Plaintiff's amended complaint is barred, in that plaintiff failed to properly exhaust his administrative remedies prior to the filing of this litigation.").

24.    All documents you have received from third parties in response to subpoenas or other requests in the above-captioned litigation.

25.    All statements and/or declarations that you have received or collected from any third parties referring or relating to the above-referenced litigation.

26.    Documents sufficient to show Defendants' compensation for provision of medical services to inmates at Stateville, including but not limited to documents showing the basis for each Defendant's compensation, including the basis for computing any bonuses or other incentives each Defendant received for their work at Stateville.

27.    Any and all documents constituting, referring to, relating to or regarding any formal or informal policy or practice of Defendant Wexford Health Services, Inc. that has resulted in the denial of medical services to any Stateville inmate.

28.    Any and all documents constituting, referring to, relating to or regarding any formal or informal policy of any person or entity, including but not limited to Defendants and the IDOC, that has resulted in the denial of medical services, including but not limited to prescription medications or other medical services, to any Stateville inmate.

29.    Any and all documents constituting, referring to, relating to or regarding any formal or informal policy of any person or entity, including but not limited to Defendants and the IDOC, regarding the referral of Stateville inmates to specialists, including but not limited to referrals to gastroenterologists.

30.    Any and all documents constituting, referring to, relating to or regarding any formal or informal policy of any person or entity, including but not limited to Defendants and the IDOC regarding the provision of or refusal to provide treatment for specific ailments, including but not limited to arthritis and other chronic illnesses and/or conditions.

31.     Any and all documents constituting, referring to, relating to or regarding any formal or informal policy of any person or entity, including but not limited to Defendants and the IDOC, regarding the provision of preventative screenings, including but not limited to screenings for colon cancer.

32.     Any documents sufficient to show the amount of money Defendant Wexford Health Sources, Inc. has spent on providing medical services to Stateville inmates each year from 2004 to the present.

33.     Any documents sufficient to show the amount of money Defendant Wexford Health Sources, Inc. has received from any source for providing medical services to Stateville inmates each year from 2004 to the present.

34.     Any documents sufficient to show the number of medical staff provided by Defendant Wexford Health Sources, Inc. to Stateville from 2004 to the present.

35.     Any documents used by Defendant Wexford Health Sources, Inc. used to train its employees or IDOC employees on how to properly handle inmates' requests for medical attention.

36.     Any and all deposition transcripts, hearing transcripts, trial transcripts, affidavits, declarations, or other documents containing any statements by or about any of the Defendants in the above-captioned litigation that reflect, relate to, concern or mention the adequacy or inadequacy of the medical services provided to inmates at Stateville.

37.     Any and all deposition transcripts, hearing transcripts, trial transcripts, affidavits, declarations, or other documents containing statements by or about any of the Defendants in the above-captioned litigation that reflect, relate to, concern or mention any policies or procedures relating to the provision of medical services to inmates at Stateville.

38.    Any and all deposition transcripts, hearing transcripts, trial transcripts, affidavits, declarations, or other documents containing statements by or about any of the Defendants in the above-captioned litigation that reflect, relate to, concern or mention any claims deliberate indifference to serious medical needs alleged against You in any other grievance or lawsuit.

39.    Any documents sufficient to show the process by which Stateville inmates could obtain medical services during the time period of May 8, 1992 to the present, including any changes to that process during that time period.

40.    Any documents sufficient to show whether the process(es) referenced in Request #27 were communicated to Plaintiff.

41.    All documents provided to, reviewed by or created by persons whom you expect to call as expert witnesses at the trial of this matter, regardless of whether such documents were relied upon by the expert(s) in reaching his or her conclusions.

42.    All documents not included within any of the foregoing requests that relate to the claims asserted by the Plaintiff in this action.

43.    All documents that contract or negate your claims and/or defenses in this action.


 Dated: June 27, 2012                          Respectfully Submitted,

                                               RAYMOND YOUNG


                                               By: /s/ Marc R. Kadish
                                               Ari Z. Cohn
                                               MAYER BROWN LLP
                                               71 South Wacker Drive
                                               Chicago, Illinois 60606


13

## CERTIFICATE OF SERVICE

      I, Ari Z. Cohn, an attorney, hereby certify that I caused a true and correct copy of the foregoing Plaintiff Raymond Young's First Request for Production of Documents to be served upon the below-identified counsel by depositing the same in a United States post office box at 71 South Wacker Drive, Chicago, Illinois, enclosed in an envelope with first class postage fully prepaid thereon on this 27th day of June, 2012:

John J. Beribak
Charysh & Schroeder Ltd.
33 N. Dearborn St.
Suite 1300
Chicago, IL 60602
(312) 372-8338
jeribak@cslaw-chicago.com
Attorney for Defendants Partha Ghosh,
Wexford Health Sources, Inc.,
Kevin Halloran, and Liping Zhang

_____

One of Plaintiff Raymond Young's Attorneys

**<u>Exhibit 4</u>**

**Cohn, Ari**

---

| | |
|---|---|
| **From:** | Cohn, Ari |
| **Sent:** | Tuesday, October 02, 2012 3:29 PM |
| **To:** | 'jberibak@cslaw-chicago.com' |
| **Subject:** | Young v. Wexford, No. 10-cv-08220 (NDIL) |

John,

I have not yet received responses to our interrogatories or requests for production of documents that were sent in late June. I wanted to reach out to you and raise the matter, since as per Judge Pallmeyer, we need to start getting on with fact discovery. I didn't know if perhaps you sent them, and they got lost in the mail (I also remember that you mentioned a fairly busy summer). The interrogatory responses and documents we requested are crucial to our ability to move forward with discovery, so your prompt attention would be greatly appreciated.

If you need to discuss, please feel free to call or email.

All the best,

Ari Cohn

_____
**Ari Z. Cohn**
Mayer Brown LLP
+1 312 701 8608
acohn@mayerbrown.com
71 S Wacker Drive
Chicago, Illinois 60606